•Opinion of the court, by
Judge Hitchcock:
The prayer of the bill in this case is to enjoin a judgment at law, rendered at the last term of this court, and also to ^procure a rescission of a contract. Two reasons are assigned why the court should interfere: 1. A mistake in the terms of the note upon which the judgment was rendered. 2. A doubt as to the title to the land conveyed by the defendant to the complainant, which land was the consideration of the note.
The facts set forth in the bill are admitted by the demurrer, and the question to be determined is, whether there is sufficient matter to justify the interference of a court of chancery.
It is the peculiar province of chancery to relieve against fraud, mistake, or accident. But how far parol testimony can be admitted to prove mistakes in a written instrument, ha been matter of much altercation and doubt. Mistakes in matter of fact, it *532 seems may be rectified, and the opinion of the court in the case of Hunt v. Rousmanier’s administrators, 8 Wheat. 174, goes far to establish the doctrine that where the parties, through a mis* take and ignorance of the law, execute a writing which does not carry into effect their contract and intention, that the true contract and intention may be enforced in chancery.
In the case before the court the alleged mistake consists in this: the purchase money, which was the consideration for which the note was given, was to have been paid in notes of the Miami Exporting Company. The note was to have been made thus payable j whereas, in fact it was made payable in “ current bank notes of the city of Cincinnati.” The complainant understood that he was to pay in the numerical value of the notes. If; in consequence of this mistake, the complainant has sustained an injury, he ought to be relieved.
It is an invariable rule in chancery that he who seeks equity must do equity. Suppose the notes referred to had been drawn payable in the notes of the Miami Exporting Company, and there had been no mistake, what must the complainant have done to have defended himself at law, and to have secured to himself the privilege of paying in the notes of that bank? He must have tendered the notes on the day, and ought also to have brought them into court. The mistake, however, having happened, which rendered it proper that he should come into a court of chancery, what *ought he to do here ? The contract was that he was to pay, on a particular day, the sum named in the obligation, in a particular description of bank notes. He ought, then, to show that he tendered these notes at the time specified, and he ought to bring them into court that the opposite party may receive them. The notes, however, are not brought into court, nor is there any pretense that they have been' tendered. The complainant, then, does not appear to be ready to do that equity which he requires of the defendant, and on this ground is not entitled to the relief prayed for. The circumstance that the defendant, some time before the promissory note fell due, stated that he would not receive those bank notes in payment, can not excuse the complainant in not making the tender.
It is claimed that an account should be taken of these notes, and that the complainant should only be made liable for their specie value. This can not be done; bank notes are considered as money. *533 TThe holder has a right to look to the banks which issue them for their numerical value in specie, and can not be compelled to take for them a value fixed by shavers and brokers. The ability or inability of the bank to pay ought not to be taken into consideration.
The doubt as to the title to the land grows principally out of an old contract entered into between Symmes and Stites in the year 1787. This contract was made before Symmes had any interest-in the land. His contract for the purchase from the United States was made in the year 1788, and he obtained his patent in 1794. The deed from Symmes for the quarter section in controversy was executed in 1795. It is objected to this deed that it was neither acknowledged nor proven. However, when it has been accompanied by a possession of twenty-nine years, it is pretty good evidence of title. Neither this defect in the deed, after-so long a continuance of possession under it, nor the bare possibility that there may be an attempt to enforce the contract at some future period, which contract was made almost forty years since, is sufficient to justify the court either in enjoining the judgment at law or rescinding the contract.
The demurrer is therefore sustained, the injunction dissolved, .and the bill dismissed, with costs.